

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| TIMOTHY BURNS, | ) | |
| | ) | |
| Pro Se Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | **4:17-CV-1728-VEH** |
| SARAH BRAZZOLOTTO, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This matter is before the court on the Motion To Dismiss filed by Defendant Sarah Brazzolotto (the "Motion"). (Doc. 16). The Motion is brought pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure.[1] The Plaintiff, who is appearing *pro se*, was advised by this Court of the nature of the motion and his need to respond to it no later than April 4, 2018. (Doc. 17). In response, on March 20, 2018,

---

[1] FED. R. CIV. P. 12(b) states, in pertinent part:

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject matter jurisdiction;

* * *

(5) insufficient service of process; [and]

(6) failure to state a claim upon which relief can be granted....

the Plaintiff filed three separate documents opposing the motion. (Docs. 19, 20, 21). That same day, he also filed a "Motion for Judgment." (Doc. 18). The Court has considered all of these responses in its ruling.[2]

For the reasons stated herein, the Plaintiff's Motion for Judgment will be **DENIED**, and the Defendant's Motion To Dismiss will be **GRANTED**.

I.  **STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. Rule 12(b)(6) provides for dismissal for failure of a party to state a claim for which relief can be granted. Rule 12(b)(5) provides for dismissal where service of process is insufficient.

Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdiction attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim

---

[2] All of the Plaintiff's filings were duplicates of documents he filed in his previously dismissed case. *See*, *Burns v. State of Alabama*, 4:17-cv-01784-LSC-JEO.

that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161. Lack of subject matter jurisdiction may be found through an examination of: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See id*. Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *See Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995), and *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

If the court determines that subject matter jurisdiction exists, it must then address the Rule 12 (b)(6) motion. *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

In this case, the Rule 12(b)(5) motion is reviewed in light of the requirements of Rule 12(m). "A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m)." *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 347 (11th Cir. 2006) (citing FED.R.CIV.P. 4(c)(1)).

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate

4

period.

FED. R. CIV. P. 4(m). "'Good cause' exists 'only when some outside factor [,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Anderson*, 255 F. App'x at 347 (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991) (discussing "good cause" under former Rule 4(j)), superseded in part by rule as stated in *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). "[E]ven in the absence of 'good cause,' district courts have the discretion to extend the time for service of process." *Anderson*, 255 F. App'x at 347 (citing *Horenkamp*, 402 F.3d at 1132-33).

## II. ALLEGATIONS IN THE COMPLAINT

This matter arises out of custody proceedings pertaining to A.B.[3], the Plaintiff's minor child. On August 17, 2017, Turquoise Garnett, A.B.'s sister, filed a Dependency Petition in the Juvenile Court of St. Clair County. As a result of that petition, on October 4, 2017, via an Emergency Temporary Order entered by Judge Robert Minor, the Juvenile Court awarded "care, custody[,] and control" of A.B. to Garnett. (Doc. 1-1 at 4). That same date, the Circuit Court of St. Clair County denied a petition by Sharon

---

[3] The Northern District of Alabama's Civil Administrative Procedures Manual provides that "[i]f the involvement of a minor child must be mentioned, only the initials of that child should be used." *CM/ECF Administrative Procedures - Civil 02-01-2018* (http://www.alnd.uscourts.gov/sites/alnd/files/AL-N%20Civil%20Administrative%20Procedures%20Manual.Revision.02-2018.pdf) at 13.

5

Evans, A.B.'s mother, to modify custody. (Doc. 1-1 at 6). The nature of the modification sought is unclear, but the Court assumes that the Circuit Court had previously granted Burns custody of A.B. and, in light of the Dependency Petition filed by Garnett, Evans sought to have custody vested with Evans. In any case, as part of the proceedings in the Circuit Court, Sarah Brazzolotto, the Defendant in this case, was appointed the Guardian ad Litem for A.B. (Doc. 1-1 at 6). The Plaintiff in this case did not appear at the hearings held in either case, and claims that he was not given notice of either of them.

The Plaintiff alleges that the entry of these orders was a denial of his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. (Doc. 1-1 at 1). He states that he complained to Judge Minor[4] about the behavior of someone named "Tammy,"[5] but states that Judge Minor "never took any action . . . but acted in a different way, in favor of the law firm." (Doc. 1-1 at 2). He states that he has been "denied due process more than once," and that "[t]he courts have been informed yet no action has been taken." (Doc. 1-1 at 2). He states that Brazzolotto "filed allegations on or about 8/17/2017 misleading [the] court and clerk,"

---

[4] The Plaintiff actually states that he complained to Judge "Minon." However, the only Judge whose name appears anywhere on the orders attached to the Plaintiff's Complaint is Judge Minor.

[5] In one of his responses to the Motion To Dismiss, the Plaintiff identifies a "Tammie Cook," who he states entered his home and "conduct[ed] an illegal search." (Doc. 20 at 1).

6

and "the clerk conspired with [Brazzolotto] to remove [A.B.] from the home of the [P]laintiff." (Doc. 1-1 at 2).

The Plaintiff asks this Court "to order the court who ordered the removal of [A.B.] to return [her to] the [P]laintiff and to remove the attorney's [from] the case." (Doc. 1-1 at 1). He also seeks money damages. (Doc. 1-1 at 3).

## III. ANALYSIS

This Court does not have jurisdiction over this case. Unlike State courts, federal courts are courts of limited jurisdiction, meaning that the grounds for the Court's jurisdiction must be present at the time the complaint is filed and must be obvious on the face of the complaint. Fed. R. Civ. P. 8(a); 28 U.S.C. § 1330, *et seq.* The law is clear that Plaintiff, the person seeking to invoke jurisdiction in this case, has the burden to demonstrate that the Court has subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). Lack of subject matter jurisdiction cannot be waived or expanded by judicial interpretation, and a jurisdictional defect can be raised at any time by either the parties or the Court. *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951). The "well-pleaded complaint rule" governs whether this Court has federal question jurisdiction. *Caterpillar v. Williams*, 482 U.S. 386 (1987); *Gully v. First National Bank*, 299 U.S. 109 (1936); *Gulf States Paper Corporation v. Ingram*, 811

F.2d 1464 (11th Cir. 1987).

As noted previous, the Plaintiff claims that he was denied his right to due process and equal protection guaranteed under the Fourteenth Amendment to the United States Constitution. (Doc. 1-1 at 1).[6] This appears to be a claim brought pursuant to 42 U.S.C. § 1983, which allows suits against "state actors" for violations of civil rights.[7] When the Plaintiff's claims are based in federal law, jurisdiction is appropriate pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under § 1331, federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action

---

[6] He also claims that he is the victim of "discrimination." The Plaintiff does not explain how the Defendant discriminated against him. Nor does he cite any law or rule which he alleges was violated by such discrimination. There is no plausible discrimination claim here. Furthermore, although the Plaintiff mentions the Fifth Amendment in his Complaint, to the extent that he has a claim against a state actor, the rights he claims were violated are guaranteed by the Fourteenth Amendment.

[7] The statute provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C.A. § 1983.

or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The Eleventh Circuit Court of Appeals has stated:

> To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir.1995). A person acts under color of law when he or she is "acting with power possessed by virtue of the defendant's employment with the state." *See Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir.1995). Although state employment is "generally sufficient" to make a person a state actor, "[n]ot all actions by state employees are acts under color of law." *Id.* at 1523. A private party may be held liable as a state actor in only three circumstances:
>
>> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").
>
> *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir.2001) (internal quotation marks omitted and alteration adopted).

*Jimenez v. Wizel*, 644 F. App'x 868, 871–72 (11th Cir.), *cert. denied*, 137 S. Ct. 203, 196 L. Ed. 2d 131 (2016). The Plaintiff has failed to plead any allegations which satisfy any of these tests so that Brazzolotto is a state actor. *See also*, *Higdon v. Smith*, 565 F. App'x 791, 793 (11th Cir. 2014) (although GAL was appointed by the state in

9

custody proceedings and the state regulated her conduct, the regulatory role alone is not sufficient to render GAL a state actor for the purposes of § 1983). To the extent that the Plaintiff's claims are brought pursuant to Section 1983, they fail. Accordingly, there is no federal question presented, and this Court does not have jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See also*, *Jimenez*, 644 F. App'x at 870 ("The child custody dispute is not a matter arising under the original jurisdiction of the federal courts because it is not an action 'arising under the Constitution, laws, or treaties of the United States.'") (quoting 28 U.S.C. § 1331).[8]

This Court also lacks diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). As noted previously, the burden is on the Plaintiff to establish jurisdiction–*i.e.* that there is diversity of citizenship. Because he has failed to allege the citizenship of either himself or the Defendant, there is no jurisdiction under 28 U.S.C. § 1332.[9]

---

[8] The Court's subject matter jurisdiction is also called into question by the *Rooker-Feldman* abstention doctrine. Under this doctrine, a federal court does not have the power to review the final judgment of a state court. *See Biddulph v. Mortham*, 89 F.3d 1491, 1495 n.1 (11th Cir. 1996).

[9] Regardless, the facts of this case make it clear that both parties are citizens of Alabama.

## IV. CONCLUSION

Because this Court does not have jurisdiction over this matter, a Final Order will be entered dismissing this case without prejudice.

**DONE** and **ORDERED** this 18th day of April, 2018.

*/s/ V.E. Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge